IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CURTIS D. RUSH, | ) | 4:07CV3182 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TERRY WEBER, and JODY ZIMMERING, | ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his complaint in this matter on July 16, 2007. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) Plaintiff also filed a motion to extend the time to pay the initial partial filing fee, which is pending as of the date of this order. (Filing No. 9.) The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.   **INITIAL REVIEW OF COMPLAINT**

   A.   **Summary of Complaint**

Plaintiff filed his complaint on July 16, 2007 against two employees of the Lancaster County, Nebraska Department of Corrections. (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff alleges that Defendant Terry Weber is the Superintendent of the Lancaster County, Nebraska Department of Corrections and that Defendant Jody Zimmering is an employee of the accounting department in that entity. (*Id.* at CM/ECF p. 2.) Both Defendants are sued in their individual and official capacities. (*Id.* at CM/ECF p. 5.)

Condensed and summarized, Plaintiff alleges that he was incarcerated in the Lancaster County, Nebraska Department of Corrections and that he was placed in administrative segregation on June 25, 2007. (*Id.* at CM/ECF p. 4.) Two days later, Plaintiff's status was changed to disciplinary segregation. (*Id.* at CM/ECF p. 5.) While in administrative segregation, Plaintiff placed an order with the institution's commissary, but was later told he could not receive the products he ordered because of his status of being on disciplinary segregation. (*Id.* at CM/ECF pp. 4-5.)

Plaintiff further alleges that "the commissary officer tried to coerce" him into signing the "store sheet" acknowledging receipt of his commissary products without actually giving him the products. (*Id.* at CM/ECF p. 5.) Plaintiff did not receive the products he ordered from the commissary, but the money for the products was deducted from Plaintiff's institutional account. (*Id.*) Plaintiff alleges that these actions deprived him "of property without due process of law, contrary to the Fourteenth Amendment of the United States Constitution." (*Id.*) Plaintiff seeks monetary damages in the amount of $1,509.95 and the cost of the filing fee in this matter. (*Id.* at CM/ECF p. 6.)

### B. Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. Thus, where a pro se plaintiff can prove no set of facts that would entitle him to relief, the complaint must be dismissed. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1967); *Burke v. North Dakota Dept. of Corrections and Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002).

Though a pro se plaintiff's complaint must be liberally construed, regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### **C.** **Discussion of Claims**

As set forth by the Eighth Circuit, "[c]laims of intentional deprivation of a prisoner's property under color of state law are actionable under 42 U.S.C. § 1983." *Jensen v. Klecker*, 599 F.2d 243, 245 (8th Cir. 1979). Moreover, even if the initial confiscation of the property at issue was justified and lawful, failure to return a prisoner's property or "permanent forfeiture of the prisoner's property without statutory authority" may violate the due process clause of the United States Constitution. *Id.*

Here, Plaintiff alleges that Defendants took his money without providing him with the products he ordered from the commissary. From the documents attached to the complaint, there appears to be a dispute regarding whether Plaintiff was ever given his products. Liberally construed, it cannot be said that Plaintiff can prove no set of facts which would entitle him to relief against Defendants. Therefore, Plaintiff's claims against Defendants may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

## II. PLAINTIFF'S PENDING MOTION

Pending before the court is Plaintiff's motion to extend the time to pay the initial partial filing fee. (Filing No. 9.) Plaintiff states that he is unable to pay the initial partial filing fee due to his transfer to another institution. Plaintiff seeks an additional 30 days in which to pay the fee.

The court finds that Plaintiff has shown good cause for extension of the time in which Plaintiff must pay his initial partial filing fee. Plaintiff shall have 30 days from the date of this order in which to pay the initial partial filing fee of $2.73. Failure to comply with this order may result in dismissal of Plaintiff's claims.

IT IS THEREFORE ORDERED that:

1. Plaintiff Curtis Rush may proceed on his claims relating to deprivation of property without due process of law against Defendants Terry Weber and Jody Zimmering as set forth in this memorandum and order.

2. To obtain service of process on Defendants Weber and Zimmering, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send FOUR summons forms and FOUR USM-285 forms (for service on Defendants in both their individual and official capacities) to Plaintiff together with a copy of this memorandum and order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ.

P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the complaint, and Plaintiff does not need to do so.

4. Fed. R. Civ. Pro. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

6. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "April 11, 2008: Check for completion of service of summons."

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

8. The Clerk of the court is directed to send a copy of this order to the appropriate official at the plaintiff's new institution in order to facilitate collection of the initial partial filing fee in accordance with this memorandum and order.

December 13, 2007.   BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge