IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CURTIS D. RUSH, | ) | |
| | ) | 4:07CV3182 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TERRY WEBER and JODY ZIMMERMAN, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion for Summary Judgment. (Filing No. 33.) Also pending is Plaintiff's Motion for Summary Judgment. (Filing No. 23.) As set forth in this Memorandum and Order, Defendants' Motion is granted, and Plaintiff's is denied.

## I.   BACKGROUND

Plaintiff Curtis D. Rush filed his Complaint in this matter on July 16, 2007, against Terry Weber and Jodi Zimmerman.[1] Defendants are employees of the Lancaster County Jail in Lincoln, Nebraska. (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff's Complaint is brought pursuant to 42 U.S.C. § 1983 and alleges that Defendants deprived him "of property without due process of law in violation of the Fourteenth Amendment." (Filing No. 1 at CM/ECF p. 5.) Plaintiff seeks monetary relief only in the amount of $1,509.95. (*Id.* at CM/ECF p. 6.)

---

[1] It appears from the documents submitted by Defendants that "Jody Zimmering" is actually Jodi Zimmerman. (Filing No. 34-3, Attach. 2, at CM/ECF p. 1.) For accuracy's sake, the court will refer to this Defendant by her actual name, Jodi Zimmerman. The Clerk of the court is directed to make this change in the court's records.

On February 4, 2008, shortly after Defendants filed their Answer to Plaintiff's Complaint (filing no. 20), Plaintiff filed a Motion for Summary Judgment (filing no. 23). Plaintiff did not submit any evidence or a separate brief. On March 21, 2008, Defendants filed their Motion for Summary Judgment (filing no. 33) along with an Index of Evidence (filing no. 34) and Brief in Support (filing no. 35). Despite having more than two months in which to do so, Plaintiff did not file an opposition or any other response to Defendants' Motion. (*See* Docket Sheet.)

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." *Id.*

Defendants have submitted a statement of material facts in accordance with the court's Local Rules, and in opposition to Plaintiff's Motion. However, Plaintiff has not submitted any "concise response" to Defendants' statement of material facts. Further, Defendants submitted properly authenticated evidence. Plaintiff has not submitted any evidence. Instead, Plaintiff's Motion simply restates the allegations and legal conclusions of his Complaint, without any factual or other support. This matter is therefore fully submitted and the material facts set forth by Defendants are "deemed admitted" due to Plaintiff's failure to controvert those facts.

## II.     RELEVANT UNDISPUTED FACTS

1.     Plaintiff was incarcerated at the Lancaster County Jail in Lincoln, Nebraska from May 28, 2007 until October 31, 2007. (Filing No. 23 at CM/ECF p. 1; Filing No. 34-2, Attach. 1, at CM/ECF p. 1.)

2.     Defendant Terry Weber is employed as the Superintendent of the Lancaster County Jail and is responsible for the general supervision of that facility. (Filing No. 34-2, Attach. 1, at CM/ECF p. 1.)

3.     Defendant Jodi Zimmerman is employed as an Account Clerk at the Lancaster County Jail and her duties include processing inmate commissary orders. (Filing No. 34-2, Attach. 1, at CM/ECF pp. 1-2; Filing No. 34-3, Attach. 2, at CM/ECF p. 1.)

4.     Scott Waters ("Waters") is employed as a Correctional Officer at the Lancaster County Jail and his duties include distributing commissary orders to inmates. (Filing No. 34-5, Attach. 4, at CM/ECF p. 1.)

5.     On June 25, 2007, Plaintiff placed a $9.95 commissary order for food and hygiene items. (Filing No. 34-2, Attach. 1, at CM/ECF p. 2.)

6.     On June 27, 2007, Plaintiff was placed in disciplinary segregation. (Filing No. 34-2, Attach. 1, at CM/ECF p. 2.)

7.     Lancaster County Jail practice allows inmates to possess hygiene items while housed in disciplinary segregation, but for security purposes, prohibits possession of food and other commissary items. (Filing No. 34-2, Attach. 1, at CM/ECF p. 2.)

8.     Lancaster County Jail practice provides that prohibited commissary items purchased by an inmate housed in disciplinary segregation are placed in the inmate's property so that they are available to the inmate either upon being released from disciplinary segregation or upon being released from the facility. (Filing No. 34-2, Attach. 1, at CM/ECF p. 2.)

9.     On June 27, 2007, Waters attempted to deliver Plaintiff's commissary order, and informed Plaintiff that because he was in disciplinary segregation he could have the hygiene items, but not the food items. Waters explained that the food items would be placed in Plaintiff's property tub while he was in disciplinary segregation, and he would be able to access them upon his release from disciplinary segregation. (Filing No. 34-5, Attach. 4, at CM/ECF pp. 1-2.)

10.    Waters asked Plaintiff to sign the receipt for the June 25, 2007 commissary order. (Filing No. 34-5, Attach. 4, at CM/ECF p. 2.)

11.    Plaintiff refused to sign the receipt and asked for a refund. (Filing No. 34-5, Attach. 4, at CM/ECF p. 2.)

12.    Waters explained to Plaintiff that, pursuant to Lancaster County Jail practice, if Plaintiff refused to sign the receipt, then the entire commissary order would be placed in his property, and he would not have access to it until his release. (Filing No. 34-2, Attach. 1, at CM/ECF p. 6; Filing No. 34-5, Attach. 4, at CM/ECF p. 2.)

13.    Plaintiff again refused to sign the receipt, so Waters inventoried Plaintiff's commissary items in the property room. (Filing No. 34-2, Attach. 1, at CM/ECF p. 6; Filing No. 34-5, Attach. 4, at CM/ECF pp. 2, 5.)

14.     After June 27, 2007, Plaintiff submitted several institutional request forms and grievances complaining about the manner in which the commissary order was handled. In each instance, Plaintiff was informed that the commissary items were in his property, and would be available to him upon his release. (Filing No. 34-2, Attach. 1, at CM/ECF pp. 3, 10-21; Filing No. 34-3, Attach. 2, at CM/ECF pp. 5-6.)

15.     On October 31, 2007, Plaintiff was released from the Lancaster County Jail to the Kansas Department of Corrections. (Filing No. 34-2, Attach. 1, at CM/ECF p. 22; Filing No. 34-4, Attach. 3, at CM/ECF p. 2.)

16.     On February 26, 2008, Lansing Correctional Facility Property Officer, COI J. Rutledge, confirmed that the Lansing Correctional Facility had received Plaintiff's property, but that Plaintiff had refused to accept the food and hygiene items from his June 25, 2007 commissary order. (Filing No. 34-2, Attach. 1, at CM/ECF pp. 3, 28-32.)

### III.     ANALYSIS

#### A.     Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also* *Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### B. Defendants' Motion for Summary Judgment

Plaintiff's Complaint is brought pursuant to 42 U.S.C. § 1983 and alleges that Defendants deprived him "of property without due process of law in violation of the Fourteenth Amendment." (Filing No. 1 at CM/ECF pp. 1-2.) As set forth below, Defendants are entitled to qualified immunity. Defendants' Motion for Summary Judgment is granted, and Plaintiff's is denied.

Qualified immunity is a question of law to be determined by the court and should ordinarily be decided long before trial. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). "Public officials, of course, are entitled to qualified immunity from liability for damages under 42 U.S.C. § 1983 if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Domina v. Van Pelt*, 235 F.3d 1091, 1096 (8th Cir. 2000) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In short, "qualified immunity shields a defendant from suit if he or she could have reasonably believed his or her conduct to be lawful in light of clearly established law and the information [that the defendant] possessed." *Smithson v. Aldrich*, 235 F.3d 1058, 1061 (8th Cir. 2000) (citations and quotations omitted). "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who

knowingly violate the law." *Id.* (citations and quotations omitted). Moreover, qualified immunity is "the usual rule" and state actors will enjoy qualified immunity in all but "exceptional cases." *Foy v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996).

The court focuses on two questions to determine whether a state official is entitled to qualified immunity: "(1) whether, after viewing the facts in the light most favorable to the party asserting the injury, there was a deprivation of a constitutional or statutory right; and, if so, (2) whether the right was clearly established at the time of the deprivation such that a reasonable official would understand that their conduct was unlawful . . . ." *Henderson v. Munn,* 439 F.3d 497, 501-02 (8th Cir. 2006) (citations and quotations omitted).

First, as a matter of law, Plaintiff has failed to allege a deprivation of a constitutional right. The Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson v. Palmer,* 468 U.S. 517, 533 (1984). Here, Plaintiff alleges that Defendants intentionally deprived him of his property. (Filing No. 1 at CM/ECF pp. 1-2; Filing No. 23, at CM/ECF p. 3.) The State of Nebraska provides Plaintiff with a meaningful post-deprivation remedy for the alleged conduct. Specifically, Nebraska law provides that Plaintiff may pursue the post-deprivation remedies of replevin and conversion. *See, e.g.,* Neb. Rev. Stat. § 25-1093 to 25-1093.04 (2007); Neb. Rev. Stat. § 25-207(2) (2007). Plaintiff has failed to show that these remedies are inadequate, or that he even attempted to pursue them. Thus, *Hudson* controls, and Plaintiff has failed to state a constitutional claim for deprivation of property without due process.

Second, even if the State of Nebraska did not provide Plaintiff with a meaningful post-deprivation remedy, the alleged right was not "clearly established at the time of the deprivation such that a reasonable official would understand his

conduct was unlawful . . . ." *Henderson,* 439 F.3d at 501-02. The court is aware of no cases which state that prison officials violate "clearly established" rights when they restrict an inmate's possession of commissary items for security purposes while that inmate is in disciplinary segregation. In addition, Officer Waters informed Plaintiff that he could receive the hygiene items from his commissary order while he was in disciplinary segregation, and that he would have access to the food items upon his release from disciplinary segregation. (Filing No. 34-5, Attach. 4, at CM/ECF pp. 1-2.) In fact, the only reason Plaintiff did not receive his commissary order was because he refused to sign the receipt. (*Id.*, at CM/ECF p. 2.) Certainly, there was no clearly established right that an inmate can refuse to accept property and then later complain that it was never given to him.

Furthermore, all of the actions taken by Defendants (and the other officers involved) were in compliance with the Lancaster County Jail's practices. (Filing No. 34-2, Attach. 1, at CM/ECF p. 2.) These practices exist for security purposes. (*Id.*, at CM/ECF p. 2.) "Prison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel . . . ." *Bell v. Wolfish,* 441 U.S. 520, 547 (1979). The court therefore finds that a reasonable officer in Defendants' situation would not consider Defendants' conduct unlawful. Thus, Defendants are entitled to qualified immunity and Plaintiff's claims are dismissed.[2]

IT IS THEREFORE ORDERED that:

1. The Clerk of the Court shall change the name of Defendant "Jody Zimmering" in the court's records to "Jodi Zimmerman."

---

[2] In light of its finding that Defendants are entitled to qualified immunity, the court need not address the other arguments set forth in Defendants' brief.

     2.     Defendants' Motion for Summary Judgment (filing no. 33) is granted and Plaintiff's claims are dismissed with prejudice.

     3.     Plaintiff's Motion for Summary Judgment (filing no. 23) is denied.

     4.     A separate judgment will be entered in accordance with this Memorandum and Order.

     5.     The Final Pretrial Conference, scheduled for August 19, 2008 at 10:00 a.m. before Magistrate Judge Piester is cancelled. The Clerk of the court shall provide a copy of this Memorandum and Order to Magistrate Judge Piester.

June 25, 2008.                    BY THE COURT:

                                        s/ Joseph F. Bataillon
                                        Chief United States District Judge